**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2842-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM S. SNEAD,

     Defendant-Appellant.

_____

Submitted April 9, 2019 – Decided April 18, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-10-1195.

Joseph E. Krakora, Public Defender, attorney for appellant (Susan Lee Romeo, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Monica Anne Martini, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal, defendant challenges the denial of his motion to suppress statements he made to police. He also poses questions about the sentence imposed. We find no merit in defendant's arguments and affirm.

Defendant was charged with first-degree murder of one individual, N.J.S.A. 2C:11-3(a)(2), and second-degree aggravated assault of another, N.J.S.A. 2C:12-1(b)(1), as well as a number of weapons offenses. He moved for suppression of statements he made to police, claiming he did not waive his Miranda[1] rights. After an evidentiary hearing at which only a police officer testified, the judge denied the motion. Defendant later pleaded guilty to a single count of second-degree aggravated manslaughter and was sentenced to a fifteen-year prison term subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appeals, arguing:

> I. DEFENDANT'S STATEMENT MUST BE SUPPRESSED BECAUSE HIS SIGNED WAIVER OF HIS RIGHTS UNDER MIRANDA . . . WAS OBTAINED THROUGH DECEPTIVE TACTICS WHERE POLICE MISLEADINGLY TOLD HIM THAT HIS SIGNATURE WAS MERELY ACKNOWLEDGING THAT HE UNDERSTOOD THE RIGHTS THAT THE POLICE PREVIOUSLY HAD READ TO HIM, NOT THAT HE WAS WAIVING THEM . . . .

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2842-17T1

> II. DEFENDANT'S SENTENCE MUST BE
> REVERSED AND THE MATTER REMANDED FOR
> RESENTENCING BECAUSE THE TRIAL COURT
> FAILED TO CONSIDER MITIGATING FACTORS
> THAT WERE RAISED BY DEFENDANT AND
> AMPLY SUPPORTED BY THE RECORD.

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(2), adding only a few brief comments about Point I.

In his oral decision on the suppression motion, the judge thoroughly explained why he found the only witness – a police detective – to be credible and that, in making his findings, the judge "relied heavily" on the detective's testimony. The judge also acknowledged that he watched the entirety of the recorded interrogation multiple times.

The events that preceded the actual questioning of defendant were fully explored at the hearing and in the judge's decision. As the detective acknowledged, and as the video recording of the events reveal, the warnings and explanations given by the officers did not occur as usual. Defendant contends that the particular eliciting from defendant of his waiver of his rights "undermined the entire concept of a knowing, intelligent and voluntary waiver of rights . . . [because] [t]he police obtained defendant's signed waiver-of-rights with no awareness on defendant's part that that was what he was doing." In

essence, the record reveals that some rights were read to defendant and he then signed the waiver form when one of the officers reading the document to him left the room without having read to defendant the waiver aspect of the form. In short, defendant's complaint here is that he executed the waiver form before knowing he had the right to waive his right to remain silent. But, as the judge recognized in his oral decision, when the officer returned to the interrogation room, she read to defendant what hadn't previously been read to him.

The judge acknowledged that "the manner in which the warnings were presented was not ideal." The detective who testified at the hearing also acknowledged this; the judge found this concession "enhance[d]" the detective's credibility. And, after thoroughly reviewing and carefully considering the circumstances, the judge concluded that, despite the irregularities, defendant was given Miranda warnings, "which he acknowledged and waived." The judge emphatically held that:

> [N]otwithstanding the imperfect manner in which the warnings were imparted in which the acknowledgement and waiver were obtained, it is in fact clear to me, very clear that the defendant was given the warning which is required. That he acknowledged the warning, understood the warning and ultimately waived his rights. And that is . . . very clear, entirely clear to me.
>
> . . . .

A-2842-17T1

I've watched the entirety of the interrogation on more than one occasion. There was no inappropriate psychological technique used. There was no inappropriate technique of any kind.

The defendant made no request for counsel in a clear or even ambiguous way. The defendant did nothing which could be construed in any way as an ambiguous invocation of rights. There was never any need for police to clarify whether the defendant was voluntarily proceeding with the interrogation because it is entirely clear that he was.

This was not a lengthy police interrogation. The entirety of it from beginning to end consumed approximately one and one half hours.

In short, my conclusion is that once the defendant started talking, he kept talking. [H]e did so in a knowing, intelligent and voluntary way. He was not forced, threatened or coerced. His will was not overborne in any way.

The defendant's demeanor on the video fully supports this conclusion which I draw.

He was given his Miranda rights. He waived his Miranda rights after indicating that he understood them and then he proceeded to talk. And it really is that [straight] forward.

Our review of such a determination is limited. We defer to a judge's factual and credibility determinations when, as here, supported by evidence in the record. State v. W.B., 205 N.J. 588, 603 n.4 (2011). We, of course, do not defer to legal determinations, but, having considered defendant's argument about

5

the order in which things were read and the waiver was obtained, we conclude that the police action here did not warrant a different outcome. It is enough, as the judge correctly held, that defendant understood his rights and voluntarily waived those rights. In deferring to the judge's findings based on his observation of the witness at the hearing and his review of the video recording of the interrogation, we find no reason to intervene. See also State v. Davila, 203 N.J. 97, 109-10 (2010); State v. Johnson, 42 N.J. 146, 162 (1964). We affirm substantially for the reasons set forth in Judge Peter E. Warshaw, Jr.'s oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2842-17T1